# STATE OF MICHIGAN

# COURT OF APPEALS

In re H.J. HAFF, Minor.

UNPUBLISHED
May 1, 2018

No. 340038
Ionia Circuit Court
Family Division
LC No. 2017-000166-NA

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

GLEICHER, J. (*concurring*).

I concur with the majority's determination that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(f), as respondent made no effort to support his daughter despite having an ability to do so.

I also agree that respondent has not properly challenged the parenting time order entered in the guardianship case. I write separately because I am deeply troubled by that order, as it conditioned respondent's parenting time on the permission of his daughter's counselor, a licensed social worker. The counselor denied respondent parenting time after he failed to pay the bill for her services. This selfish approach thwarted the minimal efforts respondent did make to see his child.

The parenting time order is not contained within the termination case file. During the termination proceedings, the trial court explained that the order mandated that the counselor "would be directly involved in determining what was appropriate contact between the child and her father. She was granted discretion in the order to determinate and coordinate when that contact would begin and under what conditions, so that the contact would be consistent with the child's best interest." Assuming that the order was consistent with this description, I believe its entry to have been ill-advised.

Such an order does not comport with the obligation of the *court* to determine the parameters of a parent's visits with his children. Our Legislature has emphasized that parenting time is essential to maintaining a healthy parent-child relationship:

> It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents. Except as otherwise provided in this section, parenting time shall be granted to a parent in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time. [MCL 722.27a(1).]

-1-

See also MCL 700.5205(2)(b) (requiring that a limited guardianship placement plan include a provision concerning "parenting time and contact with the minor by his or her parent or parents sufficient to maintain a parent and child relationship"). In my view, the trial court judge is tasked with exercising his or her discretion in a manner that fulfils these statutory commandments and may not delegate this essential responsibility to someone else. Doing so risks that the parenting-time gatekeeper will simply ignore the law—precisely what happened here.

At one of the hearings preceding respondent's adjudication, the trial court stated that the limited guardianship order required the child's guardian to pay the counselor's bills. The counselor testified that she informed respondent that he could not visit with his child unless he paid an outstanding balance and in advance for each future parenting-time session. The counselor claimed that she was unaware that she was supposed to seek payment from the guardian, despite that she had been provided with a copy of the order.

The counselor violated the court order by requiring payment from respondent before permitting him any contact with his child. Whether this misconduct should result in a contempt sanction is up to the trial court. At a minimum, the trial court should endeavor to avoid a similar situation in the future. I urge trial courts to maintain greater control over parenting time consistent with their statutory obligation, and to advise any therapeutic personnel involved in the equation that conditioning visits on payments is strictly forbidden.

Respondent contends that the counselor's conduct foreordained that he would lose his rights to his child. While I find the counselor's conduct reprehensible, respondent's decision to limit his income and to cease paying any child support was a potent and proper ground for termination of his rights.

/s/ Elizabeth L. Gleicher